UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER MERGENTHALER; MAC TRUONG,<br><br>                              Plaintiffs,<br><br>        -against-<br><br>JAMES W. ZIMBLER, ET AL.,<br><br>                              Defendants. | 23-CV-7015 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Peter Mergenthaler and Mac Truong bring this *pro se* action, alleging that Defendants violated their rights. Mergenthaler is a resident of Wayland, Massachusetts, and Truong is a resident of Jersey City, New Jersey. Named as individual defendants are: (1) James W. Zimbler, a resident of Nesconset, Suffolk County, New York; (2) Harry Zhabilov, whose "main street address" is in Plano, Texas; (3) Billy Ray Miller, who maintains a business in Allen, Texas; (4) Charles Cotropia, for whom Plaintiffs provide an Allen, Texas, business address. Plaintiffs also sue numerous corporate entities, which they allege are incorporated under the laws of New York, California, and Delaware, and which maintain principal places of business in Nesconset (Suffolk County), New York; Plano, Texas; Allen, Texas; and at an unspecified location in Delaware. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs allege that Defendant Zimbler, in concert with the other Defendants, unlawfully converted and fraudulently transferred Plaintiff Mergenthaler's shares in a company of which Mergenthaler is the sole proprietor and controller. Plaintiffs do not allege facts demonstrating that any of the individual Defendants reside in this District or that any of the corporate entities have offices in this District or otherwise conduct business in this District.[1] Moreover, Plaintiffs do not allege any facts suggesting that any of the events giving rise to their claims occurred in this District. It is therefore clear from the face of the complaint that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Zimbler – whom Plaintiffs allege was primarily responsible for violating their rights – resides in Suffolk County, and many of the corporate Defendants controlled by Zimbler are also based in Suffolk County. The Court therefore understands that Plaintiffs' claims arose primarily in Suffolk County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern

---

[1] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 8, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge